UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Viatcheslav V. Dombrovski, et al., | ) | CASE NO. 1:07 CV 379 |
| | ) | |
| Plaintiffs, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Sirius International Insurance Corp., | ) | **Memorandum of Opinion and Order** |
| et al | ) | |
| Defendants. | ) | |

**Introduction**

This matter is before the Court upon defendants' Motion to Transfer (Doc. 9).[1]

This is an action challenging the denial of insurance claims. For the following reasons, the

---

[1] This matter was originally assigned to Judge Kathleen O'Malley and was subsequently reassigned to this Court after Judge O'Malley recused herself. Prior to recusal, the latter issued an Order wherein it was determined that defendants failed to comply with Ohio Revised Code § 3901.18 which requires "any unauthorized foreign or alien insurer" to either deposit a bond or procure a certificate of authority to transact business in Ohio before that insurer "may enter an appearance in any court action." As such, the Order denied as procedurally improper defendants' Motion to Transfer, and stated that the motion may be reasserted once defendants complied with § 3901.18. Defendants did so and filed a Notice of Reassertion of the Motion to Transfer (Doc. 29).

motion is GRANTED.

**Facts**

Plaintiffs, Viatcheslav Dombrovski and Maia Dombrovskaia, who are citizens of Russia and residents of Ohio, brought this Complaint against defendants Sirius International Insurance Corporation ("Sirius"), a Swedish corporation with its principal place of business in Sweden, and International Medical Group, Inc. ("IMG"), an Indiana corporation with its principal place of business in Indiana. The action was filed in the Lake County Court of Common Pleas. Defendants thereafter removed the action, asserting diversity jurisdiction.

The Complaint alleges the following.

IMG is the Insurance Plan Administrator and Managing General Underwriter and/or broker and authorized agent of Sirius for purposes of selling, marketing, issuing, delivering, underwriting and administrating insurance policies to the American public, including Ohio residents.

On August 26, 2005, IMG issued a policy of individual sickness and accident insurance to Maia Dombrovskaia, effective August 27, 2005 through August 27, 2006. Plaintiffs renewed the policy for an additional period of August 27, 2006 through January 27, 2007. (The Declarations of Medical Insurance for the original policy and renewal are attached to the Complaint as Exs. A and B) On June 16, 2006, Maia Dombrovskaia suffered a stroke which required medical treatment. On October 13, 2006, plaintiffs were informed by IMG that coverage under the policy was denied.

On August 29, 2005, IMG issued a policy of individual sickness and accident insurance to Viatcheslav Dombrovski, effective August 30, 2005 through August 30, 2006.

2

On August 27, 2006, IMG issued a second policy of individual sickness and accident insurance to Viatcheslav Dombrovski, effective August 30, 2006 through January 28, 2007. (The Declarations of Medical Insurance as well as the Certificates of Insurance for these policies are attached to the Complaint as Exs. C and D) On July 16, 2006, Viatcheslav Dombrovski suffered a heart attack which required medical attention.  On October 23, 2006, plaintiffs were informed by IMG that coverage under the policies was denied.

The Complaint sets forth various claims based on the allegation that defendants have not paid insurance benefits to plaintiffs. Counts One and Two are for declaratory judgment. Counts Three and Four allege breach of contract.  Count Five alleges bad faith.  Count Six seeks injunctive relief.  Count Seven asserts a claim under the Ohio Consumer Sales Practices Act.

This matter is now before the Court upon defendants' Motion to Transfer to the Southern District of Indiana.  The motion is brought pursuant to 28 U.S.C. § 1404(a).

**<u>Discussion</u>**

Defendants assert that because all the Certificates of Insurance[2] at issue contain a valid and enforceable forum selection clause designating Marion County, Indiana as the sole and exclusive place for venue of any court action, this action must be transferred to the District Court for the Southern District of Indiana.   Plaintiffs contend that the forum selection clauses are unenforceable and, even assuming they are enforceable, the circumstances militate against

---

[2] The Complaint submits the Certificates of Insurance for the policies issued to Viatcheslav Dombrovski.  While the Complaint only provides the Declarations of Medical Insurance issued to Maia Dombrovskaia, defendants provide the Certificates of Insurance.  (Kathy Schutte decl.and Exs.)

transfer. For the following reasons, the Court finds the transfer is warranted.

The two Certificates of Insurance issued to Viatcheslav Dombrovski, and attached to the Complaint, provide in pertinent part:

> **(6) Service of Suit; Venue; Choice of Law; Trial by Court**
> The contract of insurance between the Insured Person and the Company as represented by the Master Policy and evidenced by this Certificate shall be deemed issued, finalized and made in Indianapolis, Indiana. Sole and exclusive jurisdiction and venue for any court action or administrative proceeding relating to this insurance shall be in Marion County, Indiana, for which the Insured Person expressly consents. ...

(Compl. Exs. C at 2, D at 2) Additionally, while not attached to the Complaint, defendants submit the Certificate of Insurance issued to Maia Dombrovskaia which includes the same forum selection clause. (Schutte aff. Exs. Ex. 2 at 2)

Furthermore, plaintiffs' applications for the initial Certificates, Maia Dombrovskaia's renewal application and Viatcheslav Dombrovski's second application state in part:

> ... I (we) understand and agree ... (v) by submission of this application and/or any future claim for benefits I (we) purposefully initiate and take advantage of the privilege of conducting business with the company in Indiana, through IMG as its agent and administrator, and invoke the benefits and protections of its laws, and the contract of insurance represented by the Master Policy and evidenced by the Certificate of Insurance will be deemed issued and made in Indianapolis, IN., and sole and exclusive jurisdiction and venue for any court action or administrative proceeding relating to this insurance will be in Marion County, Indiana, for which applicant(s) hereby consent(s).

(Schutte aff. Ex. 1)

Finally, Viatcheslav Dombrovski's second Certificate of Insurance, dated May 1, 2006, also contains a choice of law provision stating, "Indiana law shall govern all rights and claims raised under this Certificate of Insurance." (Compl. Ex. D at 2) This choice of law provision is contained in only this one policy.

In *Kerobo v. Southwestern Clean Fuels, Corp.,* 285 F.3d 531 (6th Cir. 2002), the Sixth

4

Circuit recognized that enforcement of a forum selection clause is governed by 28 U.S.C.§ 1404(a) which provides:

> **a)** For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Plaintiffs do not dispute that the forum selection clause contained in the Certificates of Insurance is mandatory. Indeed, the language therein states, "Sole and exclusive jurisdiction and venue for any court action or administrative proceeding relating to this insurance shall be in Marion County, Indiana." Courts have recognized that nearly identical language in a forum selection clause is considered mandatory. *See Travelers Property Casualty Company of America v. Centimark, Corp.,* 2005 WL 1038842 (S.D.Ohio May 3, 2005) (The language "jurisdiction and venue of any dispute arising under/or pursuant to the terms of the Warranty shall be vested in courts sitting in Washington County, Pennsylvania" was found to be mandatory.) *Travelers Property* cited *General Electric Co. v. Siempelkamp, GmbH & Co.*, 29 F.3d 1095 (6th Cir.1994), where the Sixth Circuit held that a clause stating that "any" dispute "shall" be heard at a particular venue was mandatory. As such, the forum selection clause herein is mandatory.

Having determined that the forum selection clause is mandatory, the Court next turns to whether the clause is enforceable.

Plaintiffs argue that the forum selection clause is unenforceable. The enforceability of a forum selection clause in a contract is a question of law and both Ohio and federal law treat these clauses in a similar manner. *Shell v. R.W. Sturge, Ltd.*, 55 F.3d 1227, 1229 (6th Cir. 1995), *General Electric v. G. Siempelkamp*, 29 F.3d 1095 (6th Cir. 1994). (citations omitted)

Ohio has adopted a three-pronged test to determine the validity of a forum selection clause: (1) whether both the parties to the contract are commercial entities; (2) whether there is evidence of fraud or overreaching; and (3) whether enforcement of the clause would be unreasonable and unjust. *Preferred Capital, Inc. v. Power Engineering Group, Inc*., 112 Ohio St.3d 429 (2007). The Sixth Circuit has likewise stated that courts consider three factors: "the commercial nature of the contract; (2) the absence of fraud or overreaching; and (3) whether enforcement of the forum selection clause would otherwise be unreasonable or unjust." *Preferred Capital, Inc. v. Associates in Urology*, 453 F.3d 718 (6th Cir. 2006). Plaintiffs also point out that "any presumptive validity afforded a forum selection clause will be set aside as invalid where enforcement would be so gravely difficult and inconvenient that [a plaintiff] will for all practical purposes be deprived of [her] day in court," and the clause will be held invalid where enforcement would contravene a strong public policy of the forum state. *Shell*, 55 F.3d at 1229.

Plaintiffs argue that the forum selection clause is unenforceable for the following three reasons.

First, plaintiffs assert that enforcement of the clause would be unfair and unjust. Viatcheslav Dombrovski's declaration states, "The soliciting agent never explained any of the fine print contained in the Applications or any of the specific terms in the Certificates of Insurance to me. Specifically, the soliciting agent never explained the presence or meaning of any choice of law or forum selection clause provisions." (Doc. 30 Ex. A) Dombrovski's declaration further states that at the time he applied for insurance with defendants, he was unaware of and otherwise did not understand the language of the forum selection clause. (*Id.*)

6

Plaintiffs also contend that restricting their right to sue to Marion County, Indiana constitutes overreaching, especially given that paragraph (6) of the Certificates of Insurance expressly reserves defendants' rights to "commence an action in any court… in or outside of the United States." Plaintiffs contend that this constitutes an unreasonably one-sided provision. And, plaintiffs assert, to the extent they could have had notice of or understood the forum selection clauses, the Applications and Certificates constitute form contracts of adhesion between large, sophisticated commercial entities and two elderly, non-English speaking consumers.[3]

Plaintiffs refer to *Preferred Capital, Inc.,* 112 Ohio St.3d at 431, wherein the Ohio Supreme Court recognized, in a case between two commercial entities, that forum-selection clauses are less readily enforceable against consumers than commercial forum-selection clauses between for-profit business entities which are considered prima facie valid.  Finally, plaintiffs cite *Garrett v. Hooters-Toledo,* 295 F.Supp.2d 774, 779 (N.D. Ohio 2003), which addressed whether an ADR agreement in the employment context was enforceable.  There the court noted that unconscionability may exist where one of the parties has no meaningful choice and the contract terms unreasonably favor the other party.  So too, plaintiffs assert, their lack of notice and understanding, along with the severe imbalance of bargaining power and the overly one-sided nature of the clauses, renders them unconscionable and unenforceable.

Defendants contend that plaintiffs purposefully availed themselves of the venue in

---

[3] Dombrovski declares that he speaks some English and is able to understand spoken English with the aid of his daughter as interpreter, but that his wife is unable to speak or understand English.

7

Indiana because the insurance applications contained the same forum selection clause as the Certificates of Insurance, and plaintiffs chose to renew and apply for second Certificates. Moreover, defendants point out that despite Maia Dombrovskaia's language barrier, she had almost one year to become familiar with the terms of the certificate at the time of renewal, and she renewed her certificate a second time after this lawsuit had been filed. Viatcheslav Dombrovski, too, applied for a second certificate of insurance a year after the original in which time he could have reviewed its terms. And, he renewed his second certificate after the Complaint was filed.

To find a forum selection clause to be unreasonable and unjust, a court must determine that the chosen forum is "so inconvenient as to, in effect, afford no remedy at all, thus depriving litigants of their day in court." *Preferred Capital,* 453 f.3d at 722 (citations omitted). The Court is not convinced that plaintiffs have made such a showing. Assuming plaintiffs did not negotiate the forum selection clause given that they have stated they were unaware of and/or did not understand the clauses, the Supreme Court has recognized that nonnegotiated forum selection clauses may still be enforceable although not the subject of bargaining. *Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585 (1991). The forum selection clause herein was contained in the initial applications and all Certificates of Insurance which plaintiffs chose to renew and apply for a second time. Although a language barrier may have existed, the Court does not find that enforcement of the clause would be unfair and unjust. The chosen forum of Indiana is not so inconvenient as to deprive plaintiffs of any remedy.

Second, plaintiffs assert that trial in the Southern District of Indiana would be so gravely difficult and inconvenient as to deprive plaintiffs of their day in court. Viatcheslav

Dombrovski's declaration states that Maia Dombrovskaia suffers from Parkinson's disease and recently broke her hip rendering her wheelchair-bound. She requires 24 hour assistance provided by the family. (Doc. 30 Ex. A) Plaintiffs also assert that they lack the financial means to pursue litigation in Indiana based on Viatcheslav Dombrovski's statement that plaintiffs are indebted to medical care providers. (*Id.*)

Although the Court is sympathetic to the plaintiffs' medical conditions, the coverage at issue was *travel* medical insurance, as discussed below. Also as addressed below, plaintiffs applied for (and renewed) their travel insurance which anticipated traveling outside the United States, and even returning to Russia. Moreover, given the nature of this insurance dispute, the Court is not persuaded that plaintiffs themselves would be required to make multiple personal appearances in Indiana (which state is next door to Ohio) in order to pursue the litigation.

For these reasons, the Court does not find that transferring venue to the Southern District of Indiana would be so gravely difficult and inconvenient as to deprive plaintiffs of their day in court.

Third, plaintiffs assert that enforcement would contravene a strong public policy of Ohio. Citing *A-I National Agency Group LLC No. 1167 v. Ohio Dept. of Ins.*, 2004 WL 1489055 (Ohio 3d App. Dist. 2004), plaintiffs contend that Ohio has a strong public policy interest in regulating insurance issued to and used in Ohio by its residents. Plaintiffs argue that the policies are governed by Ohio Revised Code Chapter 3923, Sickness and Accident Insurance. In this regard, plaintiffs contend that defendants issued accident and sickness policies to plaintiffs as defined and governed by Ohio Revised Code § 3923.01 which

9

provides:

> As used in this chapter, 'policy of sickness and accident insurance' includes any policy, contract, or certificate of insurance against loss or expense resulting from the sickness of the insured, or from the bodily injury or death of the insured by accident, or both, that is delivered, issued for delivery, renewed, or used in this state on or after the date occurring six months after the effective date of this amendment.

Plaintiffs assert that the policies were "delivered, issued for delivery and used" in the State of Ohio. Plaintiffs point to Viatcheslav Dombrovski's declaration which states that all of his communications with soliciting agent Joshua Dobbins were conducted via his computer and telephone while at his home in Kirtland, Ohio.  The applications were completed, with Dobbins's assistance, on Viatcheslav Dombrovski's home computer in Kirtland, Ohio. Acceptance of the applications was communicated by defendants via e-mails to Viatcheslav Dombrovski's home computer.  Dombrovski received delivery of the policies at his home in Kirtland, Ohio.  (Doc. 30 Ex. A) Plaintiffs also state that Maia Dombrovskaia's policy was renewed in Ohio, and that the policies were *used* exclusively in Ohio.

For the following reasons, plaintiffs' public policy argument is not persuasive.

Despite plaintiffs' argument to the contrary, defendants contend that the Certificates of Insurance do not involve standard Ohio domestic policy for sickness and accident insurance governed by Ohio Revised Code § 3923.01, but surplus lines insurance.[4]  Plaintiffs argue that the policies do not qualify as surplus lines insurance under Ohio law because the

---

[4] In general, surplus lines insurance covers liability for unusual risks that are outside of traditional markets and typically unavailable through state-authorized carriers.  *See Grand China, Inc. v. United National Insurance Co.,* 2007 WL 3307182 (N.H. Nov. 7, 2007) The State of Ohio has chosen not to regulate surplus lines insurance directly, but rather through the licensing of surplus lines brokers pursuant to Ohio Revised Code §§ 3905.30-3905.36.

insurance at issue was not obtained pursuant to O.R.C. § 3905.30-36 given that defendants did not comply with those statutory sections.

Defendants point out, however, that plaintiffs have admitted that Sirius is an eligible surplus lines company in the State of Ohio and has been designated as such by the Ohio Department of Insurance. (Plaintiffs' Memorandum in Support of Motion for Order Compelling Defendants to Post a Bond and to Strike Defendants' Motion to Transfer at 3) Defendants also note that Viatcheslav Dombrovski's declaration states, "Mr. Dobbins [an agent of defendants] explained to me that my wife and I were eligible for travel medical insurance issued by defendants because, pursuant to the terms of the insurance, while we were away from our country of citizenship (Russia) we were considered to be traveling." (Dombrovski decl. ¶ 15) Additionally, defendants refer to the applications completed by plaintiffs which state that the coverage is "travel medical insurance," and "the insurance applied for is not general health insurance." (Doc. 10 Ex. A- 1) Moreover, the Certificates of Insurance state that plaintiffs are eligible for coverage only when traveling outside their Home Country, which was designated as the United States by plaintiffs on their applications.[5] Thus, contrary to plaintiffs' assertion, the certificates were not *used* in Ohio.

For these reasons, the Court does not find a strong Ohio public policy interest in regulating the insurance herein so as to find the forum selection clause invalid on this basis.

Finally, plaintiffs assert that even assuming the forum selection clauses were

---

[5] Defendants further contend that the Certificates of Insurance were not delivered or issued for delivery in Ohio. Rather, IMG issued the policies from Indiana and delivery or voluntary transfer of the certificates occurred when the certificates were sent to plaintiffs from IMG in Indiana. Nor were they renewed in Ohio, as renewal occurred on-line at IMG's Indiana server.

11

enforceable, they do not govern plaintiffs' claims for bad faith, violation of the Ohio Consumer Sales Practices Act (OCSPA) and injunctive relief. Plaintiffs contend that the forum selection clauses are inapplicable to causes of action for bad faith which are extra-contractual tort claims arising under Ohio common law and are independent of breach of contract claims. Additionally, plaintiffs contend that the OCSPA claims arise pursuant to the Ohio Revised Code and do not arise under contract. Finally, plaintiffs assert that the claims for injunctive relief are not subject to the forum selection clauses as they are based on defendants' disregard for plaintiffs' rights under Ohio law.

The Court is not convinced that this is a basis to deny transfer. At a minimum, although a tort claim for bad faith is independent of the contract of insurance under Ohio law, the bad faith claim arises due to the existence of the insurance contracts. *See Stevenson v. First Am. Title Ins. Co.*, 2005 WL 3303959 (Ohio App. 5th Dist. November 30, 2005) (citations omitted) ("In general, Ohio courts have held that the tort of bad faith is independent of the contract of insurance.) and *Siemientkowski v. State Farm Ins. Co.*, 2005 WL 1994486 (Ohio App. 8th Dist. August 18, 2005) (citations omitted) ("The duty to act in good faith runs only from the insurer to its own insured.") Thus, the basis of plaintiffs' bad faith claim is the alleged wrongful denial of the claims under the Certificates of Insurance.

Having found that the forum selection clauses are enforceable, the Court now turns to the examination of the case-specific factors which must be weighed. The presence of a valid forum selection clause is a significant factor in analyzing a § 1404(a) motion for discretionary change of venue, but it is not determinative. *Travelers Property Casualty Company, supra.* See also *Parker Hannifin Corporation v. Dayco Products, LLC*, 137 Fed.Appx. 757 (6th Cir.

2005) (citing *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988)) (A mandatory forum selection clause is a significant but not dispositive factor in deciding a transfer motion.) "In addition to the forum selection clause, the district court must weigh a number of case-specific factors such as the convenience of parties and witnesses, public interest factors of systemic integrity, and private concerns falling under the heading the interest of justice." *Travelers Property Casualty Company, supra*, *Mind-Peace, Inc. v. Pharmacon International, Inc.,* 2006 WL 2849811 (S.D.Ohio Oct. 2, 2006) (both citing *Kerobo*, 285 F.3d at 537-538).

Furthermore, "The party moving for transfer of venue generally has the burden of proving that transfer is appropriate and the plaintiff's choice of forum is entitled to considerable weight. However, courts have held that the presence of a forum selection clause negates the presumption given to the plaintiff's choice of forum and requires the plaintiff to prove why enforcement and transfer is unreasonable under the circumstances." *Id.* (citations omitted)

**(a) convenience of parties and witnesses**

Defendants assert that this factor weighs in their favor as IMG's principal place of business is in Marion County, Indianapolis and Sirius is a Swedish corporation. All relevant records and papers, other than those in plaintiffs' possession and control, are located in Indianapolis. All potential witnesses, other than plaintiffs, are located in Indiana. Indianapolis, Indiana is a more convenient forum for Sirius, IMG and the witnesses.

Plaintiffs contend that this factor weighs in their favor because their medical records are located here, and all other relevant documents are either in their possession or have been requested to be produced by defendants. Plaintiffs' witnesses are located here, including

13

family members and medical care providers.  Finally, plaintiffs assert that it would be inconvenient for them physically and financially to travel to Indiana.  Plaintiffs state that they are 77 and 79 years old and in poor health, and they are in debt due to defendants' refusal to pay their claims.

As defendants point out, however, plaintiffs renewed their travel insurance after the initiation of this lawsuit which provides coverage only when traveling outside the United States.  Further, Viatcheslav Dombrovski's declaration states that at the time they applied for the Certificates of Insurance herein, plaintiffs were considering returning to Russia.  Additionally, no evidence is presented showing that litigation in Indiana would be more costly than in Ohio.

This factor does not appear to tilt in either party's favor.  Accordingly, this Court is mindful that courts recognize the validity of placing a forum selection clause in a form contract whereby a corporation wants to ensure that its contracts are uniformly governed by the law of one state so to better estimate the costs of litigation and spare litigants the time and expense of determining where suits may be brought.  *See Tieman v. Victaulic Company,* 2007 WL 397054 (S.D.Ohio Jan. 31, 2007) (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585 (1991)(holding that a corporation which placed a forum-selection clause in form contracts had a special interest in limiting the fora in which it may be sued and that this forum-selection clause "had the salutary effect of dispelling confusion as to where suits may be brought and defended, thereby sparing litigants time and expense and conserving judicial resources.")  Here, defendants assert that they provide insurance services used internationally that potentially expose them to conflicting laws and procedures, and to litigation in different

14

forums.  The forum selection clause establishes up front the applicable law and the forum for dispute resolution, thereby conserving judicial resources which would be devoted to determining where lawsuits should be brought.

### (b) public interests of systemic integrity

Public interest factors under § 1404(a) include issues of congested court dockets, the interest of resolving controversies locally, and proceeding in a forum at home with the state law governing the case.  *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947).

Defendants offer statistics showing that the Southern District of Indiana's docket is less voluminous than the Northern District of Ohio's.  (Doc. 10 Ex. B) Plaintiffs assert that this does not necessarily mean that Indiana's docket is less congested given that it has fewer judges and magistrates than the Northern District of Ohio, and cases are resolved faster on average here.

This factor does not weigh heavily in either party's favor.

Plaintiffs also contend that given that the choice of law provision appears in only one policy, Ohio law should apply to this insurance dispute.  The applications for insurance, however, further stated that plaintiffs agreed that they were invoking the benefits and protections of Indiana's laws.

Additionally, both parties recognize the application of *Restatement (Second) of Conflict of Laws § 188* which lists five factors courts consider when choosing which state's law applies: 1) the place of contracting, 2) the place of negotiation, 3) the place of performance, 4) the location of the subject matter and 5) the domicil, residence, nationality, place of incorporation and place of business of the parties.   Although the last factor is split

between plaintiffs and defendants, the majority of the factors favor defendants in that the Certificates of Insurance state that the contract of insurance shall be deemed issued, finalized and made in Indianapolis, Indiana, and plaintiffs' Complaint alleges that the insurance policies are sold, marketed, issued, delivered, underwritten and administered by IMG (an Indiana corporation with its principal place of business in Indiana).

For this reason, this factor tilts slightly in defendants' favor.

Having found that the forum selection clause is not unenforceable and that the case-specific factors do not necessarily tilt in plaintiffs' favor, the Court recognizes that the forum selection clause is a significant factor in analyzing the request for change of venue and finds that transfer is suitable.

**Conclusion**

For the foregoing reasons, defendants' Motion to Transfer is granted.

IT IS SO ORDERED.

      /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 2/12/08